IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 05-31587-CMB |
| DESPINA SMALIS, | Chapter 7 |
| Debtor. | |
| ERNEST SMALIS, | |
| | Related to Doc. No. 245 |
| Plaintiff, | |
| v. | |
| LIBERTY MUTUAL SURETY, US BC PENNSYLVANIA-WESTERN-PITTSBURGH, STANLEY MAKOROFF, FORMER TRUSTEE-PRINCIPA, JEFFREY J. SIKIRICA, TRUSTEE-PRINCIPA, DESPINA SMALIS, | |
| Defendants. | |

## MEMORANDUM OPINION

The matter before the Court is the *Motion for Reconsideration from Order of Court Motion Denied for Reasons Set Forth in the Court's Memorandum Opinion Entered in the Above Captioned Bankruptcy Case* ("Motion for Reconsideration")[1] filed by Ernest Smalis.[2] Therein, Mr. Smalis seeks, *inter alia*, reconsideration of this Court's Order entered on July 7, 2015, denying his *Motion for Leave to File Civil Adversary Action Against Chapter 7 Trustees and It's*

---

[1] The caption of this Memorandum Opinion and the accompanying Order reflect the parties as identified in the caption of the Motion for Reconsideration. The Court notes, however, that the Motion for Reconsideration is pending in the above-captioned bankruptcy case despite the descriptions of the parties as plaintiff and defendants.

[2] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A), and this Court has authority to rule on this matter.

1

[sic] *Surety, Including Violations of Due Process* ("Motion for Leave") with prejudice.[3] Responses to the Motion for Reconsideration were filed by the Debtor, the former trustee, and the current trustee. Following the filing of the responses, Mr. Smalis sought permission to file a "rebuttal answer" to the responses, which was granted as set forth in the Order dated September 3, 2015.[4] A hearing was held on September 10, 2015, and the matter was taken under advisement at that time. Upon consideration of the foregoing, the Motion for Reconsideration is denied for the reasons set forth herein.

## Motion for Reconsideration

On July 7, 2015, this Court denied Mr. Smalis' Motion for Leave. In said motion, he sought permission to commence a civil action against Stanley Makoroff, the former trustee ("Trustee Makoroff"), and Jeffrey Sikirica, the current trustee ("Trustee Sikirica," together the "Trustees"), and surety. The Motion for Reconsideration consists of thirty-eight pages of a variety of allegations and accusations and is accompanied by exhibits totaling approximately seventy pages, many of which (if not all) have been previously submitted to the Court. To the extent the assertions and exhibits do not relate to the Motion for Leave and, in particular, the conduct of the Trustees in this case, they are not relevant to the request for reconsideration. The procedural history and background relating to this matter have been set forth in detail in the Court's Memorandum Opinion dated July 7, 2015, and will not be restated herein.

---

[3]    In addition, other requests for relief are made throughout the Motion for Reconsideration, including a request for recusal of the Undersigned.

[4]    Mr. Smalis filed *Plaintiff's Motion to Leave for Permission to File Rebuttal Answer's* [sic] *from Response from Defendant Debtor Despina Smalis and Defendants Stanley Makoroff, Jeffrey J. Sikirica and its Surety Liberty Mutual* ("Motion to File Rebuttal Answer"). *See* Case No. 05-31587, Doc. No. 263 and Adversary No. 12-2140, Doc. No. 58. The Motion to File Rebuttal Answer appears to reference the Motion for Reconsideration addressed herein as well as Mr. Smalis' other pending motion for reconsideration. Subsequently, Mr. Smalis filed another motion seeking to file a "rebuttal answer" which filing will be considered in ruling on this matter as set forth in the Order dated September 11, 2015.

Motions for reconsideration, which are not expressly recognized in the Federal Rules, are generally considered pursuant to either Fed.R.Civ.P. 59(e) or 60(b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9023 and 9024, respectively. *See Chaney v. Grigg* (*In re Grigg*), No. 12-7008-JAD, 2013 WL 5310207, at *1 (Bankr.W.D.Pa. Sept.20, 2013).[5] Each rule serves a separate purpose. *Id.* A motion questioning the correctness of the judgment and seeking to re-litigate the original issue is made pursuant to Fed.R.Civ.P. 59(e), whereas Fed.R.Civ.P. 60(b) provides six grounds upon which reconsideration is appropriate. *Id.*

When considering a motion for reconsideration, it is significant that such relief is "an extraordinary remedy to be granted sparingly." *Id.* at *3. Motions for reconsideration are not intended to reargue matters which have been raised and disposed of by the court, to re-litigate a matter with which a litigant simply disagrees, or to present new arguments and/or evidence which could have been presented previously. *Id.* Despite these limitations, as set forth in detail below, Mr. Smalis' Motion for Reconsideration is almost entirely for the purpose of raising the same arguments previously addressed by this Court on one or more occasions. As Mr. Smalis is pro se and his Motion for Reconsideration raises a number of issues, the Court will address each of the potentially applicable rules.

Fed.R.Civ.P. 59(e)

Pursuant to Fed.R.Bankr.P. 9023, a motion to alter or amend a judgment under Fed.R.Civ.P. 59 must be filed no later than fourteen days after entry of the judgment. The Order denying Mr. Smalis' Motion for Leave was entered on July 7, 2015, and his Motion for

---

[5] The Court notes Mr. Smalis' statement that he does not believe Fed.R.Bankr.P. 9023 and 9024 are applicable. *See* Motion to File Rebuttal Answer, at 2. Notwithstanding the foregoing, Mr. Smalis appears to rely upon these standards for reconsideration as he references "newly discovered evidence" and "manifest injustice" within his filings.

3

Reconsideration was filed on July 21, 2015, the last day to do so under Fed.R.Bankr.P. 9023. Thus, relief pursuant to Fed.R.Bankr.P. 9023 is potentially applicable.

A motion to reconsider pursuant to Fed.R.Civ.P. 59(e) must be based upon one of the following: "(1) intervening change in the controlling law; (2) new evidence not previously discoverable; or (3) a need to correct a clear error of law or fact or prevent manifest injustice." *See Grigg*, 2013 WL 5310207, at *2. With respect to the instant matter, the Court can quickly dispose of the first two potential grounds for relief. Although the Motion for Reconsideration makes reference to an intervening change in controlling law, Mr. Smalis does not cite to any applicable change in the law. *See* Motion for Reconsideration, at 2, 26, 32. Similarly, Mr. Smalis references new evidence but provides no such evidence to the Court. *See* Motion for Reconsideration, at 2, 29. Instead, the Motion for Reconsideration contains numerous unsubstantiated accusations and allegations, which he has raised previously. Therefore, Mr. Smalis has not established a basis for reconsideration on either of the first two grounds available for such relief.

Under the third potential basis for relief, a party must establish a need to correct a clear error of law or fact or to prevent manifest injustice. The standard is very difficult to meet. *See In re Pittsburgh Corning Corp.*, No. 00-22876-TPA, 2013 WL 5994979, at *3 (Bankr.W.D.Pa. Nov. 12, 2013). With respect to the standard for showing clear error, it is insufficient to show that a judgment is probably wrong; instead, clear error requires a showing that the judgment is *dead wrong*. *See id.* Courts have similarly imposed a challenging burden on a movant asserting manifest injustice, requiring a showing of clear disregard for governing law. *See id.* The burden under the third ground for reconsideration has been described using various, although generally similar, terms by requiring an error that is indisputable, plain, and/or obvious. *See Shearer v.*

4

*Titus* (*In re Titus*), 479 B.R. 362, 368 (Bankr.W.D.Pa.2012). Mr. Smalis references "manifest injustice" throughout his Motion for Reconsideration, apparently relying primarily on this more amorphous ground for relief. *See* Motion for Reconsideration, at 2, 7-9, 15, 20, 22, 25, 33, 35.

The Motion for Reconsideration is not a model of clarity. Intermixed with the request for reconsideration are allegations and accusations which appear to be in support of other requests for relief and entirely unrelated to the conduct of the *Trustees*, which is the only relevant issue for the purpose of reconsidering the Order denying the Motion for Leave. This is a common pattern in Mr. Smalis' filings. Upon review of the Motion for Reconsideration and after hearing oral argument on the matter, Mr. Smalis has done little more than assert the existence of "manifest injustice" in name alone. Mr. Smalis appears to rely primarily upon the same arguments previously raised and many of the same exhibits previously submitted. Mr. Smalis failed to demonstrate that this Court's decision to deny his Motion for Leave was dead wrong or the result of indisputable and plain error. The instant motion appears to result from Mr. Smalis' disappointment with the Court's decision, which is not sufficient for reconsideration under Fed.R.Civ.P. 59(e).

### Fed.R.Civ.P. 60(b)

Having determined that Fed.R.Civ.P. 59(e) does not provide a basis for reconsideration, the Court will next consider the potential applicability of Fed.R.Civ.P. 60(b). There are six enumerated grounds for relief from a final judgment or order set forth within Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

Upon review, it does not appear that Mr. Smalis relies upon Fed.R.Civ.P. 60(b)(1) or (5) as potential grounds for relief. Furthermore, as addressed for the purpose of Fed.R.Civ.P. 59(e), the existence of newly discovered evidence has not been established. Accordingly, Fed.R.Civ.P. 60(b)(2) does not apply. The Court can also dispose of Fed.R.Civ.P. 60(b)(4) as it does not appear that Mr. Smalis alleges that this Court lacked jurisdiction or entered a decree beyond its authority under the law. *See Boldrini v. Wilson*, 609 F. App'x 721, 724 (3d Cir. 2015).

Throughout the Motion for Reconsideration, Mr. Smalis alleges the existence of fraud. *See* Motion for Reconsideration, at 8, 12, 17, 22, 24-29, 31, 33-35. Despite the numerous allegations of fraud by Mr. Smalis, for the purpose of Fed.R.Civ.P. 60(b)(3) a party must establish that the judgment was obtained through fraud that prevented the moving party from a full and fair presentation of his case. *See Boldrini*, 609 F. App'x at 724. Mr. Smalis was provided a full and fair opportunity to present his Motion for Leave. The record of the bankruptcy case and related proceedings did not support his allegations or the relief requested. Mr. Smalis has not established that he is entitled to reconsideration of the Order denying his Motion for Leave pursuant to Fed.R.Civ.P. 60(b)(3) based upon fraud, misrepresentation, or misconduct by an opposing party.

As a final matter, Mr. Smalis failed to demonstrate the exceptional circumstances necessary under Fed.R.Civ.P. 60(b)(6). *See Boldrini*, 609 F. App'x at 724. The Motion for Reconsideration is almost entirely dedicated to rehashing arguments previously made to this Court.

Conclusion

Based upon the foregoing, reconsideration is not appropriate pursuant to either Fed.R.Civ.P. 59(e) or 60(b). In the Memorandum Opinion dated July 7, 2015, this Court attempted to fully and thoroughly explain, based upon the record, why the claims against the Trustees set forth within the Motion for Leave were entirely without foundation. Mr. Smalis did not demonstrate factual or legal errors in the Court's analysis but instead made the same arguments previously raised and disposed of by this Court. In addition, he alleged that the other parties involved have defrauded, misinformed, and poisoned the Court. *See* Motion for Reconsideration, at 8. In making these allegations, Mr. Smalis fails to recognize that this Court's decision to deny the Motion for Leave was based upon the record of the case; instead, he insists that the Court has been unfair to him and partial to the Debtor. Accordingly, within his Motion for Reconsideration, Mr. Smalis contends recusal is appropriate.[6]

## Request for Recusal

As set forth in Fed.R.Bankr.P. 5004(a), disqualification of a bankruptcy judge is governed by 28 U.S.C. §455. Grounds for disqualification are set forth therein as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning

---

[6] The Court notes, however, that Mr. Smalis did not argue this point at the hearing on September 10, 2015. Accordingly, it is unclear whether he abandoned this request. Nonetheless, out of an abundance of caution, the Court will address the request for recusal herein.

>the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>(ii) Is acting as a lawyer in the proceeding;
>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*See* 28 U.S.C. §455(a) and (b). Within his Motion for Reconsideration, Mr. Smalis did not identify the provision(s) pursuant to which he seeks disqualification of the Undersigned. A review of the motion, however, indicates that he may be seeking disqualification pursuant to 28 U.S.C. §455(a) and (b)(1). *See* Motion for Reconsideration, at 2, 8, 35.

Beginning with §455(a), it is not actual bias or prejudice that must be established but rather the *appearance* of bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The analysis is based upon application of an objective standard from the perspective of a reasonable person familiar with the surrounding facts and circumstances. *See In re Mazzei,* No. 14-00205-GLT, 2014 WL 4385746, at *6 (Bankr.W.D.Pa. Sept. 4, 2014) (citing *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J.)). With respect to §455(b)(1), a finding of bias or prejudice is generally derived from extrajudicial conduct, i.e., from a source outside of what the judge learned through participation in the case. *See Mazzei*, 2014 WL 4385746, at *6, *9. However, while an extrajudicial source is the most common basis for demonstrating bias or prejudice, it is not the *exclusive* basis, as "[a] favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though

8

it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551. Where there is no extrajudicial source, however, a high degree of favoritism or antagonism must be present in order to demonstrate that fair judgment is impossible. *Id.* at 554-55. A movant seeking recusal faces a heavy burden as it is presumed that a judge is impartial. *See Mazzei*, 2014 WL 4385746, at *6. Where no basis for disqualification has been established, <u>a judge has an affirmative duty to retain the case</u>. *Id.* at *10.

Mr. Smalis' allegations in support of recusal and reconsideration are interspersed throughout his motion making it difficult for this Court to discern the alleged basis for recusal. Upon review of the Motion for Reconsideration, Mr. Smalis makes only general allegations which are insufficient to meet the substantial burden for demonstrating grounds for recusal. Although it is difficult to decipher Mr. Smalis' allegations, Mr. Smalis appears to contend that this Court has perpetrated a fraud with the opposing parties and/or colluded with them in some manner. *See* Motion for Reconsideration, at 8 (Mr. Smalis asserts that "[t]he Third Circuit has jurisdiction and should make a decision in the manifest injustice, fraud upon the Court brought by debtor, trustees, insider, Robert O Lampl and this Court."). *See also* Motion for Reconsideration, at 12 (referring to the Court and the opposing parties as a corrupt organization). The disparaging remarks are unsubstantiated and wholly without merit. It appears that Mr. Smalis primarily takes issue with the fact that this Court has ruled against him on several occasions. Significantly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Mere dissatisfaction with a court's rulings is simply insufficient to establish a basis for recusal. *See In re Hartman*, 604 F. App'x 218, 219 (3d Cir.

2015). In this case, Mr. Smalis failed to establish a basis for disqualification; instead, he has merely expressed dissatisfaction.

Furthermore, the Court notes that many of the matters raised by Mr. Smalis in the instant Motion for Reconsideration were previously raised and resolved. This case and its related adversary proceedings have been assigned to the Undersigned since January of 2012. During which time, three adversary proceedings were commenced, two of which were filed by Mr. Smalis and the other by E. Smalis Painting Co., of which Mr. Smalis is the sole shareholder and president. This is not to mention the other numerous filings by Mr. Smalis within the bankruptcy case and these adversary proceedings during this period of time. Curiously, on no such prior occasion has Mr. Smalis alleged the existence of disqualifying bias or prejudice. To the extent Mr. Smalis merely disagrees with this Court's decision, he may choose to pursue an appeal.

On this record, there is no basis upon which a reasonable person would question the Undersigned's impartiality in this case. Furthermore, the Undersigned has made rulings in this case solely based upon matters of record and has not demonstrated favoritism or antagonism such that recusal is warranted. As Mr. Smalis failed to meet his burden, the request for recusal is denied. The Undersigned has an affirmative duty to retain this case. In addition, based upon the Undersigned's familiarity with the record, recusal would be harmful to the efficient administration of this case which was commenced in 2005.

## Additional Matters

In addition to the foregoing, Mr. Smalis raised a number of other matters in his Motion for Reconsideration. For the sake of thoroughness, some of these additional matters will also be addressed. Mr. Smalis stated his intention to commence an adversary proceeding against certain entities for failure to satisfy a mortgage and against a law firm for malpractice. *See* Motion for

Reconsideration, at 5. On August 31, 2015, Mr. Smalis fulfilled this intention by commencing Adversary Proceeding 15-2174. It appears that Mr. Smalis seeks to raise the same dispute that he previously raised in his complaint commencing Adversary Proceeding 05-3325 against some of the identical parties, including Pennsylvania Capital Bank, Three Rivers Bank, and Sky Bank. Said Adversary Proceeding was resolved by the Consent Order of Court entered on May 19, 2006 ("May 19th Order"), which provided that the adversary proceeding was "fully and finally SETTLED AND DISCONTINUED WITH PREJUDICE . . . ." *See* Adversary No. 05-3325, Doc. No. 34. Within the May 19th Order is a release of claims relating to the mortgage and note at issue. Notwithstanding the foregoing, Mr. Smalis has attempted to make the same arguments on numerous occasions after entry of the May 19th Order. As the Court noted in its Memorandum Opinion dated July 7, 2015, it is not uncommon for Mr. Smalis to act without regard to prior resolutions achieved by settlement or consent.

      Based on the foregoing, this Court has warned Mr. Smalis on several occasions of the possibility of sanctions if a filing is presented for an improper purpose or without legal and/or evidentiary support. Furthermore, on a number of occasions, counsel for the Debtor has suggested imposition of an injunction prohibiting Mr. Smalis from further filings in the above-captioned bankruptcy case. The request for an injunction is set forth again in Debtor's response to the Motion for Reconsideration. Trustee Sikirica's response also includes a request for sanctions and an injunction barring Mr. Smalis from filing additional documents in this case. Although hesitant to restrict a party's access to the courts, this Court has observed a pattern of repetitive, unsubstantiated filings by Mr. Smalis. Mr. Smalis' commencement of an adversary proceeding that appears to be duplicative of the previously settled proceeding indicates that the pattern will continue. Further concerning the Court is Mr. Smalis' statement on the record of his

intention to file another adversary proceeding with respect to which the jurisdiction of this Court is highly questionable.[7] Therefore, should this Court find that an abuse of the judicial process exists, the Court intends to issue a rule to show cause why the Court should not impose sanctions and/or enjoin Mr. Smalis from any further filings in this case. As the matter presently before the Court is a request for reconsideration, this Court declines to issue such a rule with regard to this particular matter.[8]

To an extent, some of the issues raised in the instant Motion for Reconsideration are the same as those raised in Mr. Smalis' other pending request for reconsideration filed in both the above-captioned bankruptcy case and Adversary Proceeding 12-2140. *See Motion for Reconsideration from Order of Court Motio(s)* [sic] *Denied for Reasons Set Forth in the Court's Memorandum Opinion Entered in the Above-Captioned Bankruptcy Case*, Case No. 05-31587, Doc. No. 244, and Adversary No. 12-2140, Doc. No. 48. As that separately filed motion is for the purpose of seeking reconsideration of this Court's Order denying *Plaintiff Ernest Smalis Motion to Deem Settlement Agreement Defective and Void* [and] *Plaintiff Ernest Smalis Motion to Bar Debtor from Legal Proceedings in Bankruptcy Pursuant to the Doctrine of Judicial Estoppel*, this Court will address that request for relief independently by separate Memorandum Opinion and Order.

---

[7] In fact, Mr. Smalis filed said complaint on September 11, 2015. Mr. Smalis' statements at the September 10, 2015 hearing only confirm that Mr. Smalis will continue filing motions and complaints in this Court regardless of jurisdiction, final judgments, and/or statutes of limitation.

[8] The Court acknowledges that Mr. Smalis' Motion for Reconsideration includes the type of unsubstantiated, offensive allegations lacking evidentiary and/or legal support which appear to fall within the purview of Fed.R.Bankr.P. 9011; however, as the purpose of the pro se motion is (at least in name and in part) to seek reconsideration, the Court finds it appropriate under the circumstances to rule on the issue of reconsideration and conclude this pending matter without delay.

Although apparently unrelated to the request for reconsideration and/or recusal, as a final matter, the Court notes Mr. Smalis' contention that a report should be made to the United States Attorney pursuant to 18 U.S.C. §3057(a), which provides as follows:

> (a) Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

*See* 18 U.S.C. §3057(a). The Court is cognizant of the duties imposed by this provision and does not take this obligation lightly. In accordance with the statute, this Court carries out its duty to report as appropriate when reasonable grounds exist for such a report to be made.[9]

### Conclusion

Ultimately, the allegations within the Motion for Reconsideration (whether in relation to the request for reconsideration itself, recusal, or some other potential form of relief) appear to be nothing more than generalizations and unsubstantiated accusations which express Mr. Smalis' displeasure and disagreement with this Court's rulings. Mere disagreement is insufficient for the purpose of reconsideration and/or recusal. Therefore, the relief requested in the Motion for Reconsideration must be denied. Mr. Smalis failed to meet his burden with respect to his request for reconsideration pursuant to either Fed.R.Civ.P. 59(e) or 60(b). In addition, with respect to the request for recusal, the Undersigned has an affirmative duty to retain this case as no grounds for

---

[9] The Court notes Mr. Smalis' representation that he has contacted the United States Trustee and other government officials to investigate this bankruptcy case and the Trustees. *See* Doc. No. 263, at 4. Accordingly, it appears that Mr. Smalis fulfilled his own request. In addition, the Court has been advised that Trustee Sikirica also made a report to the United States Trustee of the alleged misconduct by the Debtor raised by Mr. Smalis despite the apparent bar imposed by the statutes of limitation. In fact, as set forth in extensive detail on the record by Trustee Sikirica at the September 10, 2015 hearing, much of the litigation which Mr. Smalis contends should have been pursued by Trustee Sikirica could not proceed due to the applicable statutes of limitation.

13

disqualification exist. An appropriate Order will be entered consistent with this Memorandum Opinion.

Date: September 14, 2015                    __/s/ Carlota M. Böhm_____
                                            Carlota M. Böhm
                                            United States Bankruptcy Judge

FILED
9/14/15 4:42 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**MAIL TO:**

Office of the United States Trustee

Jeffrey J. Sikirica, Esq.

Stanley G. Makoroff, Esq.

Robert O. Lampl, Esq.

Ernest Smalis
6652 Northumberland Street
Pittsburgh, PA 15217